IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:08cr146

SAEED ABDUL MUHAMMAD

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 70). Having considered the defendant's motion, the response of the United States and the reply (ECF Nos. 71 and 72), and for the reasons set forth below, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 70) will be denied.

## BACKGROUND

In June 2008, Saeed Abdul Muhammad was convicted of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 851 and 846 and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At sentencing Muhammad was held accountable for 104.562 grams of cocaine base and 57.8 grams of cocaine hydrochloride which were converted into a marijuana equivalency of 2102.80 kilograms. Muhammad was sentenced to a

term of life imprisonment on Count One and 240 months on Count Two to be served concurrently.

On January 19, 2017, Muhammad received an executive grant of clemency which commuted his total sentence of imprisonment to a term of 210 months with the remainder of the sentence left intact. Currently Muhammad's projected release date is July 25, 2023. In his motion for reduction of sentence, Muhammad asks that his sentence be reduced to time served.

Muhammad's criminal history category was VI. That reflected a significant criminal history involving six previous convictions for distribution of controlled substances, principally cocaine. On each occasion, Mohammad was extended leniency by the sentencing court. He committed the offenses of conviction while on release from a previous sentence.

Muhammad was the only defendant named in the Indictment of which he was convicted, but it is clear that Muhammad was thoroughly involved in the offenses of conviction. Although, in his motion, Muhammad seeks to portray himself as a low level drug dealer, the criminal history category and the nature of the offenses involved here simply do not support such a conclusion.

The principal reason advanced by Muhammad for relief beyond the substantial reduction of sentence effected by the clemency that he has received is that he has turned his life around in the twelve years of imprisonment that he has served on the current

sentence. In that regard, he points out that he has participated in a number of programs and workshops while in prison (including the Challenge Program, the Wellness over Recovery Action Planning Program, parenting, living free, business, OSHA certification training, drug and alcohol counselor training, mentoring, inmate companion program, and psychology programs. He has had six disciplinary incidents during the period of his confinement, but he has received from prison officials and psychiatrists commendatory letters. Muhammad will turn 50 and it is argued that his likelihood of recidivism is low.

In its response to Muhammad's motion, the United States argues the extreme seriousness of the offenses of conviction and the significant leniency accorded by virtue of the grant of clemency. Further, the United States argues that a reduction is inappropriate because of: (1) the seriousness of Muhammad's offense conduct and criminal record; (2) the fact that he reoffended so soon after being released from prison; and (3) his previous convictions involved serious offenses that spanned approximately two decades. The United States also argues that the current advisory guideline range, even after the reduction by virtue of the First Step Act would be 360 months to life and that the current sentence (210 months as commuted) is 150 months below the low end of that guideline range.

## DISCUSSION

The threshold issue in this case is whether Muhammad is eligible for reduction at all. For the reasons set forth in <u>United States v. Wirsing</u>, 943 F.3d 175 (4th Cir. 2019), <u>United States v. Mabry</u>, 420 F. Supp. 3d 475 (E.D. Va. 2019), and <u>United States v. Hardnett</u>, 417 F. Supp.3d 725 (E.D. Va. 2019), the Court concludes that Muhammad is eligible for relief under Section 404(b) of the First Step Act. That is because Muhammad, before August 3, 2010, violated a federal criminal statute, the statutory penalties for which were reduced by Sections 2 or 3 of the Fair Sentencing Act of 2010. The question then becomes whether to exercise the discretion accorded the Court to reduce the sentence and further modify Muhammad's period of confinement.[1]

Having considered the record in the case, the nature of the conviction and the offense conduct, the presentence report, the briefs submitted in this case by the parties, the defendant's criminal history, and the evidence of mitigation, the Court is of the view that a further reduction of Muhammad's sentence is not warranted.

To begin, Muhammad was involved in a significant way in extremely serious offenses. He has a long history of drug dealing. He has received leniency on many occasions. But he seems to be

---

[1] The United States has abandoned its arguments that commutation deprives the Court of jurisdiction to further reduce the sentence.

4

undeterred by extensions of leniency, of which commutation of sentence is a specie.

The motion for reduction of sentence seeks to portray Muhammad as a "low level drug dealer." However, the offense conduct in this case and Muhammad's lengthy criminal history of drug dealing belie the validity of that argument.

The statutes currently in effect for the offenses of conviction would provide for incarceration of ten years to life imprisonment for Count One and for Count Two not more than 20 years. The guideline for Count One is 360 months to life and 240 months for Count Two to be served concurrently to Count One. The sentence, as commuted, is therefore 150 months below the low end of the guideline range that is currently in effect for the offenses of conviction.

It is correct that Muhammad has put his time in prison to some productive use, and he is to be commended for that. However, the efforts at rehabilitation here simply do not offset the seriousness of Muhammad's criminal conduct in this case or the extremely serious nature of his criminal history. Muhammad has received relatively lenient sentences in prior convictions in the state courts, and he has not learned from that leniency. Nor is there any reason to believe that it is appropriate to further reduce his sentence of 210 months confinement to time served as requested or, indeed, by any other amount. It is reasonable to

5

believe that service of the remainder of his service (he is due to be released on July 25, 2023) will provide appropriate punishment, protection of the public, and will serve as a deterrent to Muhammad to further recidivate upon his release.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 70) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 6, 2020